United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-60686

Summary Calendar

_____

NANCY WINDLY

                              Plaintiff - Appellant

     v.

HIGHTOWER OIL COMPANY INC

                              Defendant - Appellee

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:02-CV-80-SAA

_____

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM:[*]

     Plaintiff Nancy Windly appeals the district court's summary-judgment dismissal of her claim that she was discriminated against in employment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.  For the following reasons, we affirm.

---

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

Windly began working for defendant Hightower Oil Co., Inc. ("Hightower Oil") on June 6, 1998, as the manager of Hightower Oil's convenience store in Coldwater, Mississippi. Windly received positive feedback on her performance in managing the store, including an encouraging note from Hightower Oil's principal, George Hightower, dated August 8, 1998. The Coldwater store was regarded as a difficult store to manage--a "hornets' nest," the parties call it.

On August 12, 1998, Windly informed her employer that she had made an appointment to see a doctor regarding rectal hemorrhaging. She also informed her employer that she had experienced related problems that required colon surgery ten years earlier. After the appointment, she told her employer that she needed to take medical leave from August 17 to September 5. At some point, George Hightower heard about Windly's absence, but he was apparently misinformed that Windly was suffering from a bleeding ulcer.

On September 8, only a few days after Windly had returned to work, George Hightower met with Windly and told her that she was going to be terminated. There were no other witnesses to the conversation, and the two participants have somewhat conflicting recollections of what was said. According to Windly's version, George Hightower told her that his father had suffered from a

2

bleeding ulcer that would flare up whenever he was under stress at work.  George Hightower told Windly that her ulcer would flare up the same way.

> And he said due to the bleeding ulcer that I had that he felt it would be in his and my best interest to terminate me. . . . And he said that, you know, that he knew that he had put me in a hornets' nest and it was going to be [a] problem and then said that he was intending to purchase another store in Hernando, and he said due to this ulcer, he said maybe when I get that, if I get it and open it, that you could start out in a brand new store and work in it.  I can't promise you that I would hire you for it, but he said maybe later that I could go to work up there.

Windly told George Hightower that she did not have a bleeding ulcer, but she was still terminated.

In his deposition testimony, George Hightower admitted that he had at some point mentioned to Windly, in urging her to seek medical treatment, that his father had nearly died from a bleeding ulcer.  He did not recall discussing her medical condition at the September 8 meeting.  According to George Hightower, Windly's medical condition had no bearing on her termination; rather, she was let go because she could not handle the store manager position, lacked the necessary organizational skills, and did not respond well to training and instructions. An internal memo written by George Hightower and dated September 8 states that Windly "will be laid off due to stress related to the job in managing personnel."  On September 28, 1998, the state agency charged with paying unemployment compensation contacted Hightower Oil regarding the reasons for Windly's termination and

was told that she was no longer needed and was having some health problems.

There were no other openings in the Coldwater store when Windly was terminated, but various positions became available at later dates. Hightower Oil has never offered Windly another position, though she does not allege that she asked for one.

Windly filed a complaint with the EEOC, which determined that there was a reasonable basis to believe that Hightower Oil had discriminated against Windly on the basis of a perceived disability. The EEOC issued a right-to-sue letter, and Windly filed suit against Hightower Oil in the district court. The parties consented to proceed before a magistrate judge. Hightower Oil moved for summary judgment, contending that Windly had no evidence that she was terminated for being regarded as disabled. The magistrate judge granted the motion and dismissed the case, and Windly now appeals.

## II. ANALYSIS

### A. Standard of Review

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. Gowesky v. Singing River Hosp. Sys., 321 F.3d 503, 507 (5th Cir. 2003). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

4

any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor. See Gowesky, 321 F.3d at 507.

## B. Windly's "regarded as" claim

Windly claims that Hightower Oil terminated her in violation of the Americans with Disabilities Act (ADA). See 42 U.S.C. § 12112(a) (2000) (prohibiting disability-based job discrimination). The ADA defines "disability" as, inter alia, "a physical or mental impairment that substantially limits one or more of [a person's] major life activities." 42 U.S.C. § 12102(2)(A) (2000). Windly does not claim to suffer from a disability; on the contrary, she asserts that she is not disabled. Her claim is instead that her employer regarded her as disabled and illegally discriminated against her on the basis of that perceived disability. See id. § 12102(2)(C) (defining "disability" also to include "being regarded as" having a disability). A person is "regarded as" disabled if the person:

> (1) has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment; (2) has an impairment which is substantially limiting only because of the attitudes of others toward such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment.

5

Bridges v. City of Bossier, 92 F.3d 329, 332 (5th Cir. 1996).

The major life activity involved in this case is the activity of working. A person is substantially limited (i.e., disabled) with respect to the activity of working when that person is

> significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(i) (2003); see also Sutton v. United Air Lines, 527 U.S. 471, 491 (1999) (citing regulations and explaining that the phrase "substantially limits" means, "at a minimum, that [a person is] unable to work in a broad class of jobs").[2] In order to succeed on her "regarded as" claim, Windly must show that her impairment, if it existed as perceived, would be substantially limiting in the way just described. See McInnis v. Alamo Cmty. Coll. Dist., 207 F.3d 276, 281 (5th Cir. 2000).

In granting the defendant's motion for summary judgment, the district court concluded that Windly could not show that George Hightower, the relevant decisionmaker, regarded her as

---

[2] In Sutton, the Supreme Court assumed without deciding that the regulations defining "substantially limits" were reasonable interpretations of the statute. 527 U.S. at 492. Our cases treat the regulations as providing significant guidance. See, e.g., Gowesky, 321 F.3d at 508; Bridges, 92 F.3d at 332.

substantially limited in the life activity of working.[3]  We agree

with that conclusion.  Viewing the record in the light most

favorable to Windly, and drawing all reasonable inferences in her

favor, a reasonable fact-finder could decide that George

Hightower believed that she had a medical condition (namely,

bleeding ulcers) that could be brought on by job-related stress.

In order to survive summary judgment, however, the record must

contain sufficient evidence from which a reasonable fact-finder

could conclude that George Hightower believed that Windly's

condition would exclude her from an entire class of jobs or a

broad range of jobs.

Citing Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 303-04

(4th Cir. 1998), Windly argues that she should be regarded as

disabled for ADA purposes if her employer considered her

incapable of filling supervisory positions because of the level

---

[3]     The district court employed the McDonnell Douglas
burden-shifting framework familiar from the Title VII context.
Our cases use that framework in ADA cases where the plaintiff
puts forward circumstantial evidence of discrimination.  See
McInnis, 207 F.3d at 279.  Under that framework, a plaintiff's
prima facie case of discrimination includes, inter alia, a
showing that the plaintiff is disabled or is regarded as
disabled.  Id.  The McDonnell Douglas framework is unnecessary,
however, to the extent that the plaintiff relies on direct
evidence of discrimination.  Trans World Airlines, Inc. v.
Thurston, 469 U.S. 111, 121 (1985); Brady v. Fort Bend County,
145 F.3d 691, 711-12 (5th Cir. 1998).  Windly has direct evidence
of the reasons for her termination, namely George Hightower's
statements in the September 8 conversation.  Nonetheless,
whichever method of proof is involved, a plaintiff is required to
show that he or she is disabled or regarded as such.  The
district court's decision on summary judgment, and our decision
here, turns on whether Windly was regarded as disabled.

of stress that they involve.  We do not believe that the record here reasonably suggests that Windly was regarded as incapable of filling supervisory positions in general.  Both sides agree that the Coldwater store was a particularly tough and stressful assignment.  On Windly's own version of her conversation with George Hightower, he stated that she could perhaps fill the store manager position in a different store.  George Hightower's apparent belief that Windly was unable to handle the stresses of the Coldwater position does not in this case license a reasonable inference that he perceived her to be unable to fill supervisory positions more broadly.  See Chandler v. City of Dallas, 2 F.3d 1385, 1393 (5th Cir. 1993) ("An employer's belief that an employee is unable to perform one task . . . does not establish per se that the employer regards the employee as having a substantial limitation on his ability to work in general.").  The summary-judgment record reasonably supports at most an inference that Windly was regarded as unable to perform a relatively narrow range of particularly demanding managerial jobs.  That kind of perceived limitation does not rise to the level of a "substantially limiting" (i.e., disabling) condition under the ADA.  See Bridges, 92 F.3d at 334 (holding that disqualification from an especially traumatic occupation does not constitute a substantial limitation on the major life activity of working); see also Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 872-73 (2d Cir. 1998) (holding that legal secretary was not regarded as

8

substantially limited in her ability to work when she was told that "this job is too stressful for you because you have colitis"; employer's statement was limited to "this job" and employer offered a good recommendation to give to future employers).

Since Windly failed to demonstrate a genuine issue of fact concerning whether she was regarded as disabled in the major life activity of working, the magistrate judge correctly granted Hightower Oil's motion for summary judgment.

### III. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.